## S09A0078. LANDERS v. THE STATE.
(679 SE2d 343)

HUNSTEIN, Presiding Justice.

Appellant Rodney Landers was convicted by a Spalding County jury of malice murder in 1996. His conviction was affirmed on appeal. *Landers v. State*, 270 Ga. 189 (508 SE2d 637) (1998). Almost ten years later, Landers, acting pro se, filed a "Motion to Vacate a Void Conviction for Lack of Venue," contending that the trial court had been without jurisdiction because his indictment failed to specify the county in which the murder was committed. The motion was denied, and appellant, still pro se, appeals.

Pretermitting the issue of the procedural appropriateness of

---

appellant's post-conviction motion,* appellant's contention that the indictment fails to allege venue is simply wrong. The Bill of Indictment reads "Georgia, Spalding County" at the top, and states further that the murder took place "in the County and State aforesaid." No other county is mentioned in the indictment. Under these circumstances, the allegation of venue was clearly sufficient. *Thomas v. State*, 71 Ga. 44 (3) (1883); *Dixon v. State*, 252 Ga. App. 385 (4) (556 SE2d 480) (2001). Accordingly, the denial of appellant's motion to vacate was proper and must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 2009 —
RECONSIDERATION DENIED JUNE 29, 2009.

Rodney Landers, *pro se.*
Scott L. Ballard, *District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.

---

* Compare *Chester v. State*, 284 Ga. 162 (2) (664 SE2d 220) (2008) (suggesting post-conviction motion under OCGA § 17-9-4 cognizable where based on State's failure to *prove* venue), with *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004) (OCGA § 17-9-4 motion *not* cognizable where based on failure to *allege* venue).