### S12A1226. STEPHENS v. THE STATE.
(733 SE2d 266)

NAHMIAS, Justice.

William L. Stephens appeals from the trial court's order denying his motion for an out-of-time appeal. We affirm.

1. On February 12, 2003, Appellant was indicted in Jeff Davis County on charges of malice murder and aggravated assault. On February 28, 2003, he pled guilty to murder; in exchange, the State dismissed the aggravated assault charge. On April 25, 2003, Appellant was sentenced to life in prison.

Almost nine years later, on February 27, 2012, Appellant filed a pro se motion for out-of-time appeal in the trial court. Without holding an evidentiary hearing, the court denied the motion on February 29, 2012, and Appellant filed this direct appeal. See *Simmons v. State*, 276 Ga. 525, 525 n. 2 (579 SE2d 735) (2003) ("The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal.").

2. Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in

---

not advising him to file a timely appeal and that deficiency caused prejudice. See *Rowland v. State*, 264 Ga. 872, 874-875 (452 SE2d 756) (1995). Compare *Gable v. State*, 290 Ga. 81, 86 (720 SE2d 170) (2011) (holding that an out-of-time appeal is not available where the defendant did not have a constitutional right to counsel for the appeal at issue). Thus, "[a]n out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel." *Grantham v. State*, 267 Ga. 635, 635 (481 SE2d 219) (1997). However,

> for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

Id. (citation omitted).[1]

Accordingly, the analysis of a motion for out-of-time appeal proceeds in several steps. First, if the issues that a defendant who pled guilty seeks to appeal cannot be resolved using the existing record, he would have had no right to file even a timely appeal and therefore is also not entitled to an out-of-time appeal. See *Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995). Claims that require expansion of the record must instead be pursued in a habeas corpus petition. See id.

On the other hand, if a defendant raises an issue in a motion for out-of-time appeal that *can* be determined on the existing record, "[i]ssues regarding the effectiveness of counsel are . . . reached," *Grantham*, 267 Ga. at 635, and the defendant must show that his counsel was ineffective in not filing a timely appeal. Under the familiar *Strickland* standard, this requires the defendant to prove both "that his trial counsel provided deficient performance and that,

---

[1] To be clear, the ineffective assistance at issue here is related solely to counsel's deficient performance in not timely filing a meritorious appeal, not any alleged ineffectiveness by counsel during the plea hearing or other proceedings.

but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different," which means in this context that the appeal would have been successful. *Long v. State*, 287 Ga. 886, 891 (700 SE2d 399) (2010) (citing *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984)). The court need not address both parts of this test " 'if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.' " Id. (quoting *Strickland*, 466 U. S. at 697).

Thus, if the claims that the defendant wants to raise in the out-of-time appeal can be resolved against him on the face of the record, so that even a timely appeal would have been unsuccessful, "then plea counsel's failure to advise the defendant to file such an appeal was not professionally deficient, nor did any prejudice result." *Smith v. State*, 287 Ga. 391, 403 n. 5 (697 SE2d 177) (2010). See also *Brown v. State*, 290 Ga. 321, 321 (720 SE2d 617) (2012) ("[W]here an issue raised by a defendant in a motion for out-of-time appeal can be resolved against him based upon the existing record, there is no error in denying the motion."). In this situation, the trial court may deny the motion for out-of-time appeal without the need for an evidentiary hearing to determine " 'who was responsible for the failure to file a timely direct appeal.' " *Smith*, 287 Ga. at 403, n. 5 (citation omitted).

In sum, in deciding a motion for out-of-time appeal, the trial court must hold an evidentiary hearing to determine whether defense counsel's unprofessional conduct was the cause of the untimeliness only where the motion raises an issue that would have been meritorious on the existing record had a timely appeal been taken. See id.

3. Applying this analysis to this case, we first examine whether the issues that Appellant raised in his motion for out-of-time appeal and has pursued in this appeal can be determined on the existing record. He contends that his conviction is void because the indictment failed to allege venue and failed to allege an underlying felony for the murder charge. He also contends that his trial counsel's failure to inform him of these defects caused him to involuntarily and unknowingly enter a guilty plea to the murder charge. Because these claims can be resolved based on the existing record, Appellant did have a right to appeal his guilty plea. See *Grantham*, 267 Ga. at 635. However, it is clear that each of his claims can be resolved against him, so a timely appeal would have been unsuccessful and the motion for out-of-time appeal was properly denied without a hearing into who was responsible for the delay. See *Brown*, 290 Ga. at 321.

Regarding the venue issue, " '[u]nless the character of the place is an essential element of the offense, an indictment which charges the crime to have been committed in a particular county is sufficiently certain as to place.' " *State v. Meeks*, 309 Ga. App. 855, 860 (711 SE2d 403) (2011) (citation omitted). Because Appellant's indictment alleged that the murder occurred in Jeff Davis County, his contention that the indictment failed to properly charge venue is without merit. See id. See also *Landers v. State*, 285 Ga. 575, 576 (679 SE2d 343) (2009) (holding that the indictment sufficiently alleged venue by stating that the murder occurred in a particular county).

Appellant's contention that the indictment failed to properly allege an underlying felony to support his murder conviction under OCGA § 16-5-1 is equally meritless. Appellant pled guilty to malice murder, and as the trial court noted, he appears to be confusing the offense of malice murder, which does not require the commission of an underlying felony, see OCGA § 16-5-1 (a), with the offense of felony murder, which does, see OCGA § 16-5-1 (c). As a result, the malice murder count of the indictment was not defective for failing to charge a predicate felony.

Because the indictment was not defective, Appellant's final claim, that his trial counsel failed to inform him of those non-existent defects and thereby caused him to enter an unknowing and involuntary plea, is also meritless.

4. Based on the existing record, the issues Appellant seeks to raise are meritless, so a timely direct appeal from the conviction entered on his guilty plea would have been unsuccessful. Accordingly, his counsel was not constitutionally ineffective in not pursuing such an appeal, and the trial court properly denied Appellant's motion for out-of-time appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2012 —
RECONSIDERATION DENIED NOVEMBER 5, 2012.

William L. Stephens, *pro se.*

*Jacquelyn L. Johnson, District Attorney, Jan Kennedy, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.