FINAL COPY
294 Ga. 716

S14A0280.  HAGAN v. THE STATE.

NAHMIAS, Justice.

Terry Hagan appeals from the trial court's order denying his motion for an out-of-time appeal.  Because his claims are meritless or cannot be resolved based on the existing record, we affirm.

1.     On March 9, 2010, Appellant pled guilty in the Catoosa County Superior Court to the malice murder of his wife and the attempted murder of her lover.  He was sentenced to serve life in prison with the possibility of parole for the murder and 30 concurrent years for the attempted murder.  Prior to the plea hearing, with his plea counsel, Appellant reviewed and signed a guilty plea form, which enumerated his rights under Boykin v. Alabama, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969), and explained that, by pleading guilty, Appellant would waive those rights and certain defenses.  At the plea hearing, the court orally informed Appellant of his Boykin rights, and Appellant again acknowledged that he understood those rights and that, by pleading guilty, he waived them.  When asked how he wanted to plead, Appellant replied, "Guilty." The court accepted the guilty plea and entered judgment based on it.

Fifteen months later, on June 13, 2011, Appellant filed a pro se motion to withdraw his guilty plea. The trial court denied the motion, and on appeal, this Court affirmed, holding that the motion was untimely. See Hagan v. State, 290 Ga. 353, 353 (720 SE2d 645) (2012). On March 13, 2013, Appellant filed a pro se motion for an out-of-time appeal, claiming that he told his plea counsel to file a direct appeal of his convictions but counsel failed to do so. Appellant amended the motion on July 15, 2013, and filed a pro se "motion for compliance" pursuant to OCGA § 15-6-21 on July 19, 2013. The trial court denied the amended motion on September 10, 2013, and Appellant filed this timely appeal. His 12 enumerations of error boil down to three basic claims: (1) his motion for out-of-time appeal should have been granted pursuant to OCGA § 15-6-21; (2) his guilty plea was not entered knowingly, freely, and voluntarily; and (3) his plea counsel provided ineffective assistance by failing to file a timely direct appeal.

2. Appellant's claim that OCGA § 15-6-21 required the trial court to grant his motion for an out-of-time appeal is meritless. OCGA § 15-6-21 (a) says that a trial judge in a county with less than 100,000 residents (like Catoosa County) must rule on a motion within 30 days after the date the motion was submitted, unless "providentially hindered" or unless counsel for both parties

agree in writing to extend that deadline. However, if the judge fails or refuses to rule within that period, the remedy is not to require the motion to be granted, regardless of its merit. Instead, such conduct can be grounds for impeachment, see OCGA § 15-6-21 (d), or the moving party may seek a writ of mandamus to compel the judge to decide the motion. See Graham v. Cavender, 252 Ga. 123, 123 (311 SE2d 832) (1984). Thus, the remedy Appellant seeks is not authorized.

3. (a) As this Court recently explained,

[o]ut-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice.

Stephens v. State, 291 Ga. 837, 837-838 (733 SE2d 266) (2012). A direct appeal from a conviction entered on a guilty plea is available only if the issues raised on appeal can be resolved by reference to the existing record. See id. Thus, if the

issues that the defendant seeks to appeal *cannot* be resolved from the record, he had no right to file a direct appeal, and therefore he has no right to file an out-of-time appeal. See id. at 838.

If the defendant raises issues that *can* be determined from the existing record, he then must show that his counsel was ineffective in not filing a timely appeal. See id. However,

if the claims that the defendant wants to raise in the out-of-time appeal can be resolved *against him* on the face of the record, so that even a timely appeal would have been unsuccessful, "then plea counsel's failure to advise the defendant to file such an appeal was not professionally deficient, nor did any prejudice result."

Id. at 839 (citation omitted; emphasis added).

(b)    Appellant's claim that his guilty plea was not entered knowingly, freely, and voluntarily cannot be resolved based on the existing record. The face of the record indicates that the plea was valid: Appellant was informed of his Boykin rights both on the guilty plea form that he signed and again orally during the plea hearing; he acknowledged that he understood those rights and the fact

that a guilty plea would waive them; he acknowledged that he understood the charges against him; the prosecutor presented a detailed factual basis for the plea; and Appellant then stated clearly his desire to plead guilty. Appellant now alleges, however, that he was confused and coerced into pleading guilty by the trial court's reference to an Alford plea and by misinformation as to the sentences he faced, including his parole eligibility; he also alleges that his mental condition, which he suggests required a psychological evaluation, prevented him from entering a valid guilty plea. These issues cannot be determined from the existing record; they therefore could not have been properly raised in a direct appeal from a guilty plea; and they therefore are not proper grounds for an out-of-time appeal. See Stephens, 291 Ga. at 838-839; Stewart v. State, 268 Ga. 886, 886 (494 SE2d 665) (1998) (explaining that claims that a guilty plea was rendered involuntary due in part to exchanges with plea counsel that would not be reflected in the record of the plea do not warrant an out-of-time appeal).

(c)     Finally, because Appellant raises no issue on appeal that could be decided in his favor based on the existing record, his plea counsel was not deficient and caused no prejudice by not filing a timely direct appeal. Thus, Appellant's ineffective assistance of counsel claim also fails. See Stephens, 291

Ga. at 838-839.

For these reasons, the trial court did not err in denying Appellant's motion for an out-of-time appeal. His remedy, if any, is in habeas corpus. See Stephens, 291 Ga. at 838.

Judgment affirmed. All the Justices concur.

Decided March 3, 2014.

Murder. Catoosa Superior Court. Before Judge Van Pelt.

Terry Hagan, pro se.

Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.