**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 7, 2014**

# In the Court of Appeals of Georgia

A14A1256. PINEDA v. THE STATE.

McFADDEN, Judge.

In 2011, after pleading guilty to conspiracy to commit trafficking in methamphetamine and conspiracy to commit trafficking in cocaine, Jose Pineda was convicted of those offenses. He did not timely appeal from the convictions, but in 2013 he filed a motion for an out-of-time appeal, which the trial court denied. Pineda appeals from the denial of that motion. Because, based on the existing record, his claims either can be resolved against him or cannot be resolved, we affirm.

Out-of-time appeals "are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency

caused prejudice." *Stephens v. State*, 291 Ga. 837, 837-838 (733 SE2d 266) (2012) (citations omitted). Where, as here, a defendant seeks an out-of-time appeal from a conviction entered on a guilty plea, we consider whether the issues that the defendant seeks to appeal

> can be resolved by reference to the existing record. . . . [I]f the issues that the defendant seeks to appeal *cannot* be resolved from the record, he had no right to file a direct appeal, and therefore he has no right to file an out-of-time appeal. If the defendant raises issues that *can* be determined from the existing record, he then must show that his counsel was ineffective in not filing a timely appeal. However, if the claims that the defendant wants to raise in the out-of-time appeal can be resolved *against him* on the face of the record, so that even a timely appeal would have been unsuccessful, then plea counsel's failure to advise the defendant to file such an appeal was not professionally deficient, nor did any prejudice result.

*Hagan v. State*, 294 Ga. 716, 718 (3) (a) (755 SE2d 734) (2014) (citations and punctuation omitted; emphasis in original).

In his motion for out-of-time appeal, Pineda sought to raise two claims: a challenge to the sufficiency of the indictment underlying his convictions, and a challenge to the effectiveness of his trial counsel. Neither claim supports the grant of an out-of-time appeal.

2

1. *Sufficiency of indictment.*

Pineda's challenge to the sufficiency of the indictment can be resolved against him on the face of the record. "When [he] pled guilty to [the conspiracy offenses], he waived all defenses except that the indictment charged no crime." *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004) (citations omitted). In his motion for out-of-time appeal, however, Pineda did not argue that the indictment charged no crime, but rather that the indictment did not sufficiently apprise him of the specific date on which the alleged crimes occurred. Because he waived this defense, a timely appeal on this ground would have been unsuccessful, and the trial court did not err in denying his motion for out-of-time appeal as to this claim. See *Hagan*, 294 Ga. 718 (3) (a).

2. *Effectiveness of trial counsel.*

Pineda's challenge to the effectiveness of his trial counsel cannot be resolved from the existing record. He argued in his motion for out-of-time appeal that his counsel was ineffective by failing to engage in pretrial discovery, failing to file a demurrer to his indictment, and failing to inform Pineda of his right to withdraw his guilty plea before sentencing. Because these claims were "not developed by way of a post-plea hearing, [they] cannot be resolved on the state of the record. [Pineda's]

3

remedy, therefore, lies in habeas corpus." *Moore v. State*, 285 Ga. 855, 858 (3) (684 SE2d 605) (2009) (citation omitted). The trial court did not err in denying the motion for out-of-time appeal as to this claim. See id.

*Judgment affirmed. Andrews, P. J., and McMillian, J., concur.*