In the Supreme Court of Georgia

Decided:   September 22, 2014

S14A0675.  GRACE v. THE STATE.

NAHMIAS, Justice.

Allen Lee Grace appeals the trial court's order denying his motion for an out-of-time appeal from his 1993 conviction by guilty plea.  We affirm.

1.     On April 19, 1991, Appellant and Willie Parris entered a grocery store in Thomas County with the intent to rob it while Appellant's uncle stood watch outside.  A store employee, Anthony Justiss, was shot once in the head and died; another employee, Warren Jackson, was shot twice in the head, leaving him blind in one eye.  Appellant and his accomplices took the cash register and a cash box and fled to Grady County, where Appellant opened fire on two police officers, shooting one in the face at point blank range.

On November 7, 1991, a Thomas County grand jury indicted Appellant for the malice murder of Justiss, aggravated battery and aggravated assault against Jackson, and armed robbery, and the State later filed a notice of intent to seek the death penalty.  This Court granted interim review and issued an

opinion in October 1992 holding that a capital defendant does not waive a future claim of ineffective assistance of trial counsel by standing mute as instructed by counsel when the trial court, in accordance with the Unified Appeal Procedure, affords him an opportunity to state any objections he may have to his counsel or the handling of his defense. See Grace v. State, 262 Ga. 485, 485-487 (422 SE2d 176) (1992). In January 1993, the trial court quashed Appellant's indictment on the ground that the grand jury that returned it had not been reconvened, resworn, and recharged by the court after previously being properly summoned, sworn, and charged and then dismissed during the same term of court; this Court reversed that ruling in June 1993. See State v. Grace, 263 Ga. 220, 220-222 (430 SE2d 583) (1993).

In the meantime, Appellant's uncle was indicted separately on the same charges, and in May 1992, a jury convicted him on all charges; the convictions were affirmed on appeal. See Grace v. State, 262 Ga. 746 (425 SE2d 746) (1993). Appellant and his uncle were also indicted and tried together for the Grady County crimes, and on November 1, 1993, the Court of Appeals affirmed their convictions for aggravated battery of a peace officer and aggravated assault of a peace officer. See Grace v. State, 210 Ga. App. 718, 718-722 (437 SE2d

2

485) (1993).

On November 29, 1993, Appellant, who was represented by two attorneys, entered a negotiated guilty plea to the reinstated Thomas County indictment in exchange for the State's agreement not to seek the death penalty. Appellant was sentenced to consecutive terms of life in prison for murder and armed robbery and a total of 40 consecutive years for aggravated battery and aggravated assault. Almost 20 years later, on October 16, 2013, Appellant filed a pro se motion for out-of-time appeal. On October 21, 2013, the trial court denied the motion. Appellant filed a timely notice of appeal. See Stephens v. State, 291 Ga. 837, 837 (733 SE2d 266) (2012) ("'The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal.'" (citation omitted)).[1]

2.   (a)   As this Court recently reiterated,

Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in

___

[1] Contrary to the trial court's order and the State's assertion to this Court, the record does not indicate that Appellant previously exercised his right to a direct appeal of his Thomas County convictions. The two prior appeals of this case, one on interim review and one taken by the State, came before his guilty plea and involved issues unrelated to the ones he now raises.

3

not advising him to file a timely appeal and that deficiency caused prejudice.

Id. at 837-838. Appellant's motion for out-of-time appeal alleged ineffective assistance of counsel, but only with respect to the investigation of his case and the entry of his guilty plea. Appellant did not allege that ineffective assistance of counsel was the cause of his failure to file a timely direct appeal from the judgment entered on his guilty plea. Accordingly, the motion for out-of-time appeal was properly denied. See McMullen v. State, 292 Ga. 355, 356 (737 SE2d 102) (2013) (affirming the denial of a motion for out-of-time appeal where the defendant did not allege that his failure to file a timely direct appeal was the result of ineffective assistance of counsel); Kemp v. State, 292 Ga. 795, 795 (741SE2d 652) (2013) (same).

(b) Moreover, even assuming that Appellant failed to file an appeal within 30 days of his 1993 convictions because his trial counsel somehow frustrated his ability to do so – rather than because his negotiated guilty plea had just saved him from a potential death sentence – we would still affirm the order denying him an out-of-time appeal. Even if the delay in appealing can be overcome, the defendant must show that the issues he now

4

seeks to raise in an appeal would be decided in his favor based on the existing record. See id. at 838-839. The issues that Appellant presents fail to satisfy this test.

Appellant's claim that the Thomas County indictment did not allege venue is meritless. Each count alleged that the crime occurred in "the County aforesaid," which was "Thomas County," and ""[u]nless the character of the place is an essential element of the offense, an indictment which charges the crime to have been committed in a particular county is sufficiently certain as to place."" Id. at 840 (citations omitted). Appellant's claim that the indictment did not adequately identify the "certain firearm" that was allegedly used in the crimes is an objection to the form of the indictment that was waived by his guilty plea. See Martin v. State, 277 Ga. 227, 228 (587 SE2d 650) (2003); State v. Hammons, 252 Ga. App. 226, 229 (555 SE2d 890) (2001).

Appellant also claims that his trial counsel were ineffective in coercing him to waive his right to indictment and in failing to ensure that he was advised of the essential elements of murder and armed robbery. However, Appellant pled guilty to an indictment (waiving only his right to formal arraignment), and the transcript of his plea hearing shows that he was advised on the record of the

5

essential elements of all the charges against him, so he cannot show either deficient performance by his counsel in this regard or prejudice from any deficiency. Finally, Appellant asserts his trial attorneys provided ineffective assistance by failing to properly investigate the crimes charged, but that issue cannot be resolved based on the existing record and thus cannot support a motion for out-of-time appeal. See id. at 838 ("Claims that require expansion of the record must instead be pursued in a habeas corpus petition.").

Judgment affirmed. All the Justices concur.