296 Ga. 418
FINAL COPY

S14A1522.  RHODES v. THE STATE.

THOMPSON, Chief Justice.

Appellant Ron Rhodes appeals from the trial court's order denying multiple motions he filed following entry of his guilty plea.  For the reasons that follow, we affirm.

On March 6, 2000, appellant, who had been indicted in connection with the shooting death of a Bibb County convenience store clerk, pled guilty but mentally retarded to charges of malice murder and armed robbery in exchange for the State's agreement not to pursue the death penalty against him.  On March 14, 2000, the trial court sentenced appellant on these charges to two consecutive terms of life imprisonment.  More than thirteen years later, in July 2013 and January 2014, appellant filed numerous motions in the trial court seeking, among other things, to withdraw his guilty plea, an out-of-time appeal, appointment of counsel, and reversal of his convictions.  The trial court, without holding an evidentiary hearing, denied all of appellant's motions, and appellant filed this direct appeal.  See Simmons v. State, 276 Ga. 525, 525, n. 2 (579 SE2d

735) (2003) (denial of motion for out-of-time appeal is directly appealable where conviction has not been subject of direct appeal).

1. Regardless of the nomenclature used, the majority of appellant's motions seek either to withdraw his guilty plea or to substantively challenge his convictions through an out-of-time appeal.[1] A trial court's authority to grant a motion to withdraw a guilty plea ends after expiration of the term of court during which a plea is entered, however, and appellant's motion, filed thirteen years after entry of his plea, was filed too late to give the trial court any authority to allow the withdrawal of appellant's guilty plea.[2] See Brown v. State, 280 Ga. 658, 658 (631 SE2d 687) (2006). See also Dupree v. State, 279

---

[1] Specifically, appellant filed a motion for appointment of counsel and request to proceed in forma pauperis; a motion to suppress and obtain evidence; a motion to inspect, photograph, and test physical evidence; a motion to inspect bullets; a motion for DNA testing; a motion for a hearing for allowance of credit earned; a motion for hearing on the validity of the indictment; motions for transcripts; a motion entitled "preliminary hearing" in which appellant alleged his counsel failed to request a preliminary hearing; a document entitled "Fourth Amendment Violation Illegal Search and Seizure"; a motion alleging appellant's Fifth Amendment rights were violated; a document entitled "plea hearing and sentence" in which appellant alleged his plea was not knowingly and voluntarily entered because counsel misinformed him and failed to adequately investigate his competency; a motion to withdraw his guilty plea; documents entitled "ineffective assistance of counsel" and "conclusion" in which appellant contended he received ineffective assistance of counsel; two motions for out-of-time appeal; and an order to produce appellant for a hearing.

[2] Although appellant asserts he filed a pro se motion to withdraw his plea in March 2000 within the same term of court, there is no evidence in the record that such a motion was filed.

2

Ga. 613 (619 SE2d 608) (2005). Accordingly, the trial court's denial of appellant's motion to withdraw his guilty plea and all other motions in which he sought the withdrawal of his plea are affirmed. It follows that appellant was not entitled to the appointment of counsel to assist with his untimely filed motion. See Pierce v. State, 289 Ga. 893, 894 (717 SE2d 202) (2011).

2. With regard to appellant's requests for an out-of-time appeal, appellant asserts he is entitled to an out-of-time appeal both because his guilty plea was not made freely and voluntarily and because he received ineffective assistance of counsel. We agree with the trial court's denial of these motions.

As recently stated by this Court, an out-of-time appeal is intended to address the constitutional concerns that arise when a defendant is denied his first appeal because the counsel to which he was constitutionally entitled rendered ineffective assistance by failing to advise him of his right to appeal and counsel's deficiency resulted in prejudice. See Stephens v. State, 291 Ga. 837, 837-838 (733 SE2d 266) (2012). Thus, an out-of-time appeal is available when a direct appeal was not taken due to ineffective assistance of counsel. See id. When a conviction is entered based on a plea of guilty, a direct appeal is available only "if the issue on appeal can be resolved by reference to facts on the

3

record. Grantham v. State, 267 Ga. 635, 635 (481 SE2d 219) (1997). "Thus, if the issues that the defendant seeks to appeal *cannot* be resolved from the record, he had no right to file a direct appeal, and therefore he has no right to file an out-of-time appeal. [Cit.]" Hagan v. State, 294 Ga. 716, 718 (755 SE2d 734) (2014). If the issues a defendant wishes to raise in an out-of-time appeal can be resolved *against* him on the face of the record, so that even a timely appeal would have been unsuccessful, "then plea counsel's failure to advise the defendant to file such an appeal was not professionally deficient, nor did any prejudice result." Stephens, supra at 839, quoting Smith v. State, 287 Ga. 391, 403, n. 5 (697 SE2d 177) (2010).

(a) Appellant's claim that his guilty plea was not freely entered cannot be resolved on the face of the record. Appellant alleges his plea was involuntary because plea counsel threatened him, told him what to say, and promised him he would be going home to see his mother. Resolution of this issue requires evidence of the conversations between appellant and his plea counsel, evidence that is not part of the plea transcript. Accordingly, this claim could not have been properly raised in a direct appeal from appellant's guilty plea and is not a proper ground for an out-of-time appeal. See Hagan, supra, 294 Ga. at 718;

4

Stewart v. State, 268 Ga. 886, 887 (494 SE2d 665) (1998).

(b) Similarly, appellant's claim that counsel provided ineffective assistance by failing to explain the State's plea offer, failing to investigate, and failing to obtain the services of a mental health expert for sentencing purposes cannot be decided by reference to the record. Although the trial court correctly recognized and the record reflects that appellant was evaluated by two experts who offered their opinions regarding both appellant's competency to stand trial and his mental capacity at the time of the crimes, appellant in this claim alleges counsel should have hired an additional expert to present mitigating evidence related to his mental health history, including the fact that he had suffered a previous head injury. Resolution of this issue, like those considered above, requires evidence of discussions between appellant and plea counsel and/or evidence of counsel's reasons for electing not to hire an additional expert. Accordingly, these allegations of ineffective assistance are not proper grounds for an out-of-time appeal and must be pursued within a properly filed petition for habeas corpus. Gibson v. State, 290 Ga. 516 (2) (b) (722 SE2d 741) (2012).

(c) We do find one ground of ineffective assistance raised that can be decided by reference to the record, although adversely to appellant. Appellant

5

claims plea counsel was ineffective by failing to object to comments made by the trial judge during the plea hearing, comments which he argues violated OCGA § 17-8-57. However, that Code section prohibits a trial judge in a criminal case from expressing or intimating during the progress of the case or in the jury charge his or her opinion as to what has been proved or as to the guilt of the accused. The prohibitions found in OCGA § 17-8-57 do not apply when the complained of comments are made outside the presence of the jury, and therefore, do not apply where, as here, the comments are made by a trial judge during a plea hearing. See Smith v. State, 236 Ga. App. 122, 124-125 (3) (511 SE2d 223) (1999) ("Inasmuch as the purpose of OCGA § 17-8-57 is to prevent the jury from being influenced and the jury was not present at the time of [the challenged] remarks, the statute was not violated. [Cits.]"). Therefore, counsel's failure to object to the trial court's comments on OCGA § 17-8-57 grounds was not evidence of deficient performance. See Geiger v. State, 295 Ga. 648, 654 (5) (c) (763 SE2d 453) (2014) (failure to raise meritless objection cannot be evidence of deficient performance). Because this challenge could be decided against appellant by reference to the record, it was not error to deny his motion for out-of-time appeal on this ground. See Lewis v. State, 293 Ga. 544, 548 (1)

6

(748 SE2d 414) (2013).

3. Based on our determination that appellant was not entitled to withdraw his guilty plea or to an out-of-time appeal, we find no error in the trial court's denial of appellant's remaining motions in which he raised or sought evidence to support substantive challenges to his convictions.

Judgment affirmed. All the Justices concur.

Decided January 20, 2015.

Murder. Bibb Superior Court. Before Judge Self.

Ron C. Rhodes, pro se.

K. David Cooke, Jr., District Attorney, Dorothy V. Hull, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K, Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General, for appellee.