**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 6, 2015**

# In the Court of Appeals of Georgia

A14A2163. WILLIAMS v. THE STATE.

PHIPPS, Chief Judge.

Alfred Williams pled guilty to armed robbery and was sentenced to twenty years, to serve fifteen of those years in confinement. Acting pro se, Williams appeals the orders of the Superior Court of Coffee County denying his joint motion to modify sentence, for out-of-time withdrawal of his guilty plea, and for the appointment of counsel. Finding no error, we affirm the orders.

A review of the record shows that following his indictment on one count of armed robbery, Williams, while represented by an assistant public defender, entered into a negotiated plea agreement in July 2008. At the hearing in which Williams entered his plea, his attorney announced that "[t]he plea offer is twenty, serve fifteen," and that Williams is "fine with the plea offer and he wants to go ahead and plea."

After hearing the factual basis for the charge and examining Williams extensively about such matters as his understanding of his rights, the negotiated sentence, and the voluntariness of the plea, the court sentenced Williams to twenty years, to serve fifteen years in confinement, with the remainder of the sentence to be served on probation. The court then asked Williams whether, having heard the sentence, he wanted to withdraw the guilty plea. Williams replied that he did not. When the court asked if he was sure, Williams replied that he was "[p]ositive."

On March 26, 2014, Williams, acting pro se, filed a "Motion to Modify Sentence; Motion for Out-Of-Time Withdrawal Of Guilty Plea; [and] Motion For Appointment Of Counsel" to represent him "in this matter." His appeal is from the May 8, 2014 orders denying those motions.

1. Williams contends that the court erred by denying his motion to modify his sentence. He asserts that his trial counsel rendered ineffective assistance because counsel "misled [Williams] to believe that if he entered a plea of guilty to the charge[] he would only receive a ten (10) year sentence and would be out of prison soon."

Pursuant to OCGA §17-10-1 (f),[1] a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. *Once this statutory period expires, a trial court may only modify a void sentence.* A sentence is void if the court imposes punishment that the law does not allow. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must affirmatively demonstrate that the sentence imposes punishment not allowed by law.[2]

When Williams's sentence was imposed in 2008, the Superior Court of Coffee County had two terms of court each year.[3] More than five years passed before Williams filed the motion to withdraw his plea. Thus, Williams filed his motion outside the statutory period.[4]

---

[1] OCGA §17-10-1 (f) provides: "Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed."

[2] *Rooney v. State*, 318 Ga. App. 385-386 (734 SE2d 104) (2012) (footnote omitted, emphasis supplied).

[3] Williams was sentenced in July 2008, which was during the March term of court for the Superior Court of Coffee County. See OCGA § 15-6-3 (41) (D) (2007). The second term of court commenced in October 2008. Id.

[4] See *Reynolds v. State*, 272 Ga. App. 91, 94 (1) (611 SE2d 750) (2005).

3

Williams has not demonstrated that the sentence imposed is void. A sentence is not void if it "falls within the statutory range of punishment."[5] Williams's twenty-year sentence falls within the statutory range of punishment for armed robbery,[6] and thus the sentence is not void.[7] Accordingly, the court did not err by denying the motion to modify sentence.

2. Williams contends that the trial court erred by denying his motion for an out-of-time withdrawal of his guilty plea. He asserts that his guilty plea was not knowingly, intelligently or voluntarily made, because his counsel provided ineffective assistance.

"The trial court's authority to grant a motion to withdraw a guilty plea ends after the expiration of the term of court during which the plea was entered."[8] Williams's motion to withdraw his guilty plea, filed more than five years after he

---

[5] *Gholston v. State*, 327 Ga. App. 790, 791 (761 SE2d 189) (2014).

[6] In this case, the armed robbery was committed on June 5, 2007. See OCGA § 16-8-40 (b) (2007) ("A person convicted of the offense of robbery shall be punished by imprisonment for not less than one nor more than 20 years.").

[7] See *Reynolds*, supra at 94 (2).

[8] *Brown v. State*, 280 Ga. 658 (1) (631 SE2d 687) (2006) (punctuation and citations omitted).

entered the plea, was filed too late to give the trial court any authority to allow the withdrawal of the plea.[9] Accordingly, the trial court's denial of Williams's motion to withdraw his guilty plea is affirmed.

3. The trial court did not err by denying Williams's motion for the appointment of counsel to assist him in pursuing his untimely filed motions to modify the sentence and to withdraw his guilty plea.[10]

*Judgments affirmed. Ellington, P. J., and McMillian, J., concur.*

---

[9] Williams's guilty plea was entered in July 2008, during the March 2008 term of court. See footnote 3, supra. See *Rhodes v. State*, _ Ga._ (1) (Case No. S14A1522, decided January 20, 2015); *Brown*, supra (trial court's denial of motion to withdraw a guilty plea was affirmed where eight years had passed before appellant moved to withdraw the plea; trial court had no authority to permit withdrawal of plea after the term of court in which the plea was entered had expired); see generally *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008).

[10] See *Rhodes*, supra at _ (1) ("appellant was not entitled to the appointment of counsel to assist with his untimely filed motion" to withdraw his guilty plea or other motions he filed to substantially challenge his convictions); *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011) (because indigent defendant had not filed a timely motion to withdraw his guilty plea, which would have triggered the right to appointed post-conviction counsel, and an indigent defendant is not entitled to appointed counsel to pursue a motion to vacate a void sentence or an out-of-time appeal, trial court did not err by failing to appoint counsel).