**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 11, 2015**

# In the Court of Appeals of Georgia

A15A0134. POWERS v. THE STATE.

BARNES, Presiding Judge.

Roscoe Powers, Jr. was charged with committing sexual battery in violation of OCGA §16-6-22.1. With the assistance of an attorney, Powers pled guilty to sexual battery in March 2005 and was sentenced to 12 months, six of which were to be served in confinement. More than eight years later, while incarcerated in federal prison for bank robbery, Powers filed a "Motion to Vacate Void Judgment" arguing that his guilty plea to sexual battery was void under OCGA §17-9-4 because it was not made freely and voluntarily. Powers also argued that the sentencing judge engaged in judicial misconduct under OCGA §17-8-57 by making improper comments on the record.

The trial court denied the motion, first noting that although its jurisdiction to modify or vacate a sentence was limited, it had jurisdiction to vacate a void sentence at any time. The court further noted that a sentence is void if the court imposes

punishment that the law does not allow, but that Powers was actually challenging his underlying guilty plea. The trial court denied the motion, concluding that the issues Powers raised could not be considered in a "motion to void judgment" and were not valid under any other theory.

On appeal, Powers again argues that his sentence is void because of errors committed during the entry of his guilty plea, but the trial court lacked jurisdiction to consider these challenges.

When a court has imposed a sentence of imprisonment, its jurisdiction to modify or vacate that sentence is limited. Under OCGA § 17-10-1 (f), the sentencing court generally may modify or vacate a sentence for only one year following its imposition unless the sentence is void. However, the trial court has jurisdiction to vacate a void sentence at any time. *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009). Here, Powers filed his motion to vacate his sentence nearly eight years after he was sentenced, and therefore the trial court had jurisdiction to consider his motion only to the extent that it presented a cognizable claim that the sentence was void. *Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). "A sentence is void if the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Despite the title of Powers' motion, however, he presented no cognizable claim that his sentence was unlawful, but rather sought to challenge the conviction entered upon his plea of guilty. "A trial court's authority to grant a motion to withdraw a guilty plea ends after the expiration of the term of court during which the plea was entered." (Citations omitted) *Williams v. State*, 331 Ga. App. 46, 48 (769 SE2d 760) (2015). Having "failed to file a timely motion to withdraw his guilty plea, [Powers'] only available means to challenge the judgment of conviction is through habeas corpus proceedings." *Grady v. State*, 311 Ga. App. 620, 621 (716 SE2d 747) (2011).

> [W]e have held in several cases that a defendant cannot assert a claim that his conviction was unlawful in an untimely motion to vacate his sentence simply by dressing it up as a claim that his sentence was void. Instead, a claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus. Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides.

(Citations and punctuation omitted.) *Thomas*, 293 Ga. at 572 (2).

Because the trial court lacked jurisdiction to consider the merits of Powers' motion, its order denying the motion is vacated and the case is remanded with direction to dismiss the motion.

*Judgment vacated and case affirmed with direction. Ray and McMillian, J.J., concur in the judgment.*