In the Supreme Court of Georgia

Decided: February 22, 2016

S16A0107. HUDSON v. THE STATE.

MELTON, Justice.

The record shows that, on May 1, 1995, a Clarke County grand jury indicted Christopher Hudson for malice murder, felony murder, and armed robbery. As evidenced by Hudson's videotaped admission and surveillance footage, on March 11, 1994, Hudson murdered John Thomas Swartz by repeatedly stabbing him with a screwdriver. At the time, Hudson was committing an armed robbery of the Big A Bottle Shop in Athens, Georgia. On May 1, 1995, after fully confessing to the crimes, Hudson entered a guilty plea to malice murder and armed robbery. The count of felony murder was nolle prossed, and the State agreed not to seek the death penalty. Hudson was sentenced to life without parole for malice murder and a concurrent term of life imprisonment for armed robbery. On May 4, 2015, Hudson filed an untimely motion to withdraw his guilty plea and moved for an out-of-time appeal, which

was denied on May 20, 2015. Hudson now appeals this ruling. We affirm.

1. Hudson contends that his sentence for malice murder was void because the trial court sentenced him to life without parole in the absence of a finding of aggravating circumstances. This contention is false.

At the time of Hudson's crimes, OCGA § 17-10-32.1 (b)[1] provided that, in cases where the State filed notice that it intended to seek the death penalty, the trial court "may sentence the defendant to death or life without parole only if the judge finds beyond a reasonable doubt the existence of at least one statutory aggravating circumstance as provided in Code Section 17-10-30." The finding of the existence of an aggravating circumstance was required to be made contemporaneously with sentencing. Hughes v. State, 269 Ga. 819 (2) (504 SE2d 696) (1998). The version of OCGA § 17-10-30 (b) (1) applicable at the time of sentencing expressly included armed robbery as a statutory aggravating circumstance.[2] A review of the guilty plea transcript shows that the trial court, at the time of sentencing, explicitly stated: "I find beyond a reasonable doubt the

_____

[1] Effective April 29, 2009, this statute has been repealed.

[2] Armed robbery remains an aggravating circumstance under the current version of the statute.

existence of the aggravated circumstance, that being the murder took place while [Hudson was] engaged in the commission of the offense of armed robbery." Therefore, Hudson's current argument is factually incorrect and meritless.

2. Hudson argues that his guilty plea was neither knowing nor voluntary because he was not informed of his right against self-incrimination pursuant to Boykin v. Alabama, 395 U.S. 238 (89 SCt 1709, 23 LE2d 274) (1969). The transcript of the guilty plea hearing, however, again shows that Hudson's contention is false. In addition to stating that he understood and waived all of his other constitutional and statutory rights, Hudson stated that he understood that he could not be required to testify and that, if he did not, that decision could not be used as evidence against him. Therefore, Hudson's contention fails.

3. Finally, Hudson maintains that, at his plea hearing, he was not informed that he had a right to appeal his conviction and that, to the contrary, he was led to believe that he could not appeal. Hudson argues that, for this reason, the trial court must grant him an out-of-time appeal. Hudson is incorrect.

> Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused

prejudice.

(Citations omitted.) Stephens v. State, 291 Ga. 837, 837–838 (2) (733 SE2d 266) (2012). In this case, Hudson has not raised any contention of ineffective assistance *at all,* and, as such, he has stated no grounds to support his contention that he was entitled to an out-of-time appeal.

Furthermore, even if Hudson's contention could be construed as a claim that his attorney rendered ineffective assistance by failing to fully inform him of his right to appeal, that claim ultimately would not entitle Hudson to an out-of-time appeal.

> When a conviction is entered based on a plea of guilty, a direct appeal is available only if the issue on appeal can be resolved by reference to facts on the record. Thus, if the issues that the defendant seeks to appeal cannot be resolved from the record, he had no right to file a direct appeal, and therefore he has no right to file an out-of-time appeal. If the issues a defendant wishes to raise in an out-of-time appeal can be resolved against him on the face of the record, so that even a timely appeal would have been unsuccessful, then plea counsel's failure to advise the defendant to file such an appeal was not professionally deficient, nor did any prejudice result.

(Citations, punctuation, and emphasis omitted.) Rhodes v. State, 296 Ga. 418, 420 (2) (768 SE2d 445) (2015). As set forth in the two prior divisions, the issues Hudson wishes to raise in an out-of-time appeal can be resolved against him on

4

the face of the record, and even a timely appeal would have been unsuccessful.

Therefore, for all of the reasons set forth above, the trial court did not err by denying Hudson's motion for an out-of-time appeal.

Judgment affirmed. All the Justices concur.