In the Supreme Court of Georgia

Decided:   September 12, 2016

S16A0788.  WALLER v. THE STATE.

HINES, Presiding Justice.

This is a pro se appeal by prisoner Lester Waller from the denial of his motion for an out-of-time appeal following his convictions and sentences for malice murder and possession of a knife during the commission of a felony in connection with the May 2009 killing of his former girlfriend.  For the reasons which follow, we affirm.

Assisted by counsel, Waller was tried before a jury, and in May 2010, was found guilty of malice murder, felony murder, and possession of a knife during the commission of a felony; he was sentenced to life in prison for the malice murder and a consecutive five years in prison for possession of a knife during the commission of a felony. Trial counsel filed a timely motion for new trial. New post-conviction counsel was appointed and amended the motion for new trial.  At the hearing in the matter in January 2013, Waller expressed

dissatisfaction with appointed counsel, apparently because counsel would not pursue certain issues raised by Waller, and after being cautioned about doing so, Waller elected to represent himself. The trial court indicated it would give Waller additional time to support his grounds for a new trial, but that if his motion for new trial was denied, he would be expected to perfect his appeal within 30 days of the denial.

Waller's final supplemented motion for new trial was heard on October 8, 2013, and denied on November 21, 2013, making his notice of appeal due no later than December 23, 2013. Waller filed a pro se notice of appeal which was delivered in an envelope bearing a December 20, 2013 post-mark, but was not file-stamped by the clerk of court until December 26, 2013. On May 23, 2014, Waller, pro se, filed in the trial court a "Motion for Reissuance of Order Denying Motion for New Trial" and a "Motion to Reinstate Motion for New Trial Proceedings and, Motion for Appointment of Appeal Counsel," contending that he did not receive the order denying him a new trial until November 27, 2013, and consequently, was denied a full 30 days to submit his notice of appeal. The appeal (<u>Waller v. State</u>, S14A1704) was docketed in this Court on July 24, 2014. On August 13, 2014, the trial court denied Waller's motions: it

refused to set aside its order of November 21, 2013, denying Waller a new trial and to reissue it, after finding that Waller received adequate notice of the ruling; it denied his motion for appointment of appellate counsel, citing the shifting nature of Waller's preferences, his demonstrated capacity to handle the post-trial proceedings, and the validity of his choice to represent himself. Waller did not appeal these rulings.

On September 2, 2014, this Court dismissed as untimely Waller's appeal of the November 21, 2013 denial of his motion for new trial. On October 17, 2014, Waller, still pro se, filed in the trial court a motion for an out-of-time appeal, which motion he amended on May 14, 2015. On September 15, 2015, Waller's motion for an out-of-time appeal, as amended, was denied.

Waller contends that he should be granted an out-of-time appeal because his right to a direct appeal was frustrated in that pursuant to OCGA § 5-6-38 (a)[1]

[1]OCGA § 5-6-38 (a) provides:
A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion. In civil cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant; and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him; and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal. The notice of cross appeal shall set

he was entitled to 30 days to file his notice of appeal from the denial of his supplemented motion for new trial but he was given only 24 days in which to timely file his notice of appeal inasmuch as he did not receive the denial order until November 27, 2013. He further maintains that he should be able to take advantage of the "mailbox rule" set out in *Massaline v. Williams*, 274 Ga. 552 (554 SE2d 720) (2001), to make his notice of appeal timely. He also complains that he was not adequately advised of the perils of proceeding pro se, that he should have had "standby" counsel, that he should have been appointed yet another attorney, and that he received ineffective assistance of counsel. But, the contentions are unavailing.

To begin with, Waller did not appeal the adverse rulings on his claims that he received inadequate notice of the denial of his supplemented motion for new trial and that he should be appointed yet another appellate attorney.

forth the title and docket number of the case, the name of the appellee, the name and address of his attorney, and a designation of any portions of the record or transcript designated for omission by the appellant and which the appellee desires included and shall state that the appellee takes a cross appeal. In all cases where the notice of appeal did not specify that a transcript of evidence and proceedings was to be transmitted as a part of the record on appeal, the notice of cross appeal shall state whether such transcript is to be filed for inclusion in the record on appeal. A copy of the notice of cross appeal shall be served on other parties of record in the manner prescribed by Code Section 5-6-32.

4

Pretermitting any procedural impediments to Waller's present complaints in those regards, several points should be noted. First, the 30-day time frame provided in OCGA § 5-6-38 (a) is triggered by the "entry" of the judgment sought to be appealed, and "[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment." OCGA § 5-6-31. Second, the "mailbox rule" of *Massaline v. Williams* does not apply outside the attempted appeal of a final order by a pro se inmate in a habeas corpus case.[2] *Roberts v. Cooper*, 286 Ga. 657, 660 (691 SE2d 875) (2010). Lastly, a criminal defendant does not have an absolute right to the appointment of an attorney of his own choosing; the selection of appointed counsel is a matter within the trial court's discretion. *Hulett v. State*, 296 Ga. 49, 56 (3) (766 SE2d 1) (2014).

As for the trial court's refusal to grant an out-of-time appeal, the starting point in this Court's review of the denial of a motion for an out-of-time appeal is the recognition that a criminal defendant has an appeal of right from a final judgment of conviction and sentence, but that such an appeal of right has to be undertaken consistent with the laws of appellate procedure, and if it is not, the defendant may forfeit the right of appeal. *Mims v. State,* ___ Ga. ___ (Case No.

---

[2]Waller indicates that he has also filed a petition for a writ of habeas corpus.

5

S16A0542, decided June 6, 2016).  Furthermore,

> [o]ut-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice.

*Hudson v. State*, 298 Ga. 536, 537, (3) (783 SE2d 130) (2016).   And, "[w]hether the circumstances of a particular case warrant an out-of-time appeal is a question committed in the first instance to the trial courts." *Mims v. State*, supra at ____.

As the State correctly observes, Waller has failed to demonstrate in the present appeal that his direct appeal of right of his convictions and sentences was lost due to the professional deficiency of any attorney.  On the contrary, the record shows that Waller attempted a pro se direct appeal, but it was dismissed as untimely, and rightly so.  Simply, Waller has failed to show an abuse of discretion in the trial court's denial of his motion for an out-of-time appeal.  See *Dennis v. State*, 292 Ga. 303 (736 SE2d 428) (2013).

Judgment affirmed.  All the Justices concur.