# Court of Appeals
# of the State of Georgia

ATLANTA,  October 13, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1802.  ROGERS v. THE STATE.**

Appellant David Edmond Rogers pled guilty to first-degree burglary in Catoosa County, Georgia on June 29, 2010 and received a sentence of 20 years with the first 10 years in confinement. Rogers also pled guilty to charges against him in Walker County, Georgia in May of 2010, and the Catoosa County sentence runs consecutive to these Walker County sentences. On August 1, 2016, Rogers filed a "Motion for Clarification of Sentence/Specific Performance of Agreement" in Catoosa County Superior Court, claiming that the plea agreement provided that sentences for all of his cases in Walker County and Catoosa County would run concurrently. The trial court denied Rogers's motion, and Rogers petitioned for discretionary review. This Court denied Rogers's petition on September 29, 2016 in Case No. A17D0061.

On November 18, 2016 Rogers filed a "Motion to Vacate/Correct Void Sentence" on the same grounds as his prior motion. The trial court denied this motion on April 11, 2017, and Rogers filed the instant direct appeal. We lack jurisdiction. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) (citations omitted). Thus, when a sentence is within the statutory range of punishment, it is not void. *Williams v. State*, 331 Ga. App. 46, 48 (1) (769 SE2d 760) (2015). A direct appeal does not lie from the denial of a motion to modify a sentence unless the motion raises

a colorable claim that the sentence is, in fact, void. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).

Here, Rogers does not contend that his Catoosa County burglary sentence of 20 years with 10 to serve is outside the statutory range of punishment and, indeed, the sentence is within the statutory range. See OCGA § 16-7-1 (b). We will look to the substance of Rogers's motion rather than its mere nomenclature and the true nature of Rogers's appeal is another attempt to withdraw his guilty plea or compel enforcement of the alleged plea. See *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003). Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). This motion was filed in the trial court over 6 years after Rogers's guilty plea though, and the trial court had already lost jurisdiction to allow Rogers to withdraw his plea or to modify his sentence. *Bonner v. State*, 268 Ga. App. 170, 171 (1) (601 SE2d 478) (2004); OCGA § 17-10-1 (f). Accordingly, Rogers's appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/13/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*