**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 8, 2020**

# In the Court of Appeals of Georgia

A19A2050. VIEYRA v. THE STATE.

MCFADDEN, Chief Judge.

Jesus Vieyra, who is proceeding pro se, appeals the dismissal of a notice of appeal and the denial of his motion for out-of-time appeal. We hold that the trial court lacked authority to dismiss the notice of appeal but did not err in denying the motion for out-of-time appeal. So we vacate in part and affirm in part.

1. *Background and procedural posture.*

Vieyra was indicted on multiple charges, including the rape of his former wife. Vieyra entered a guilty plea to home invasion and two counts of family violence aggravated assault, and the trial court entered a judgment of conviction on that guilty plea on October 11, 2016. The court sentenced Vieyra to 40 years, 20 years to be served in confinement and 20 years to be served on probation. The court imposed as

a special condition of probation sex offender supervision, including the requirement that Vieyra register as a sex offender.

On December 20, 2018, Vieyra filed a motion for out-of-time appeal, which the trial court denied the next day. We dismissed Vieyra's appeal from that order because his notice of appeal was untimely.

Vieyra filed a second motion for out-of-time appeal on February 22, 2019, which the trial court denied on March 13, 2019. Apparently Vieyra filed a notice of appeal from that order, although the notice of appeal is not included in the appellate record. On March 20, 2019, the trial court dismissed Vieyra's notice of appeal from the March 13 order.

Vieyra filed a timely application for discretionary appeal of both the March 13 order denying his motion for out-of-time appeal and the March 20 order dismissing his notice of appeal. We granted the application under OCGA § 5-6-35 (j) because the orders Vieyra sought to appeal were subject to direct appeal. His appeal is before us now.

2. *Trial court's dismissal of notice of appeal*.

We first address the trial court's order dismissing Vieyra's notice of appeal. The trial court dismissed the notice of appeal on the ground that Vieyra had "nothing

2

cognizable to appeal." In this the trial court erred because "Georgia law generally reserves to the appellate courts the authority to dismiss appeals." *Jones v. Peach Trader Inc.*, 302 Ga. 504, 506 (II) (807 SE2d 840) (2017) (clarifying that trial courts have limited authority to dismiss appeals to the Supreme Court and Court of Appeals and that only the appellate courts have the authority to determine whether a notice of appeal or discretionary application is sufficient to invoke appellate jurisdiction). So we vacate the order dismissing Vieyra's notice of appeal, and that notice of appeal challenging the March 13 order denying his motion for out-of-time appeal is now before us. *Jones*, at 511 (II).

3. *Denial of motion for out-of-time appeal*.

Addressing the merits of Vieyra's motion for out-of-time appeal, we hold that the trial court did not err in denying the motion. Our Supreme Court has explained that

> out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice.

*Grace v. State*, 295 Ga. 657, 658 (2) (a) (763 SE2d 461) (2014) (citation and punctuation omitted), overruled in part on other grounds by *Collier v. State*, __ Ga. __ (__ SE2d __) (Case No. S19A0658, decided Oct. 21, 2019).

In his February 22, 2019, motion for out-of-time appeal, Vieyra challenged his indictment, the guilty plea proceedings, and the sex offender registration requirement of his sentence. However, Vieyra "did not allege that ineffective assistance of counsel was the cause of his failure to file a timely direct appeal from the judgment entered on his guilty plea. Accordingly, the motion for out-of-time appeal was properly denied." *Grace*, 295 Ga. at 658 (2) (a).

*Judgment affirmed in part and vacated in part. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.