# Court of Appeals
# of the State of Georgia

ATLANTA, October 27, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0591. TERRENCE LEE COVINGTON v. THE STATE.**

In 2023, Terrence Lee Covington pled guilty to the sexual abuse of a disabled adult. He was sentenced to a total of twenty years, with seven years to serve in confinement and the remainder on probation, and was required to register as a sex offender. This Court previously affirmed the trial court's denial of Covington's motion to modify his sentence. *Covington v. State*, Case No. A24A1495 (Dec. 16, 2024). In September 2025, Covington filed a motion to vacate void judgment. The trial court denied the motion, and Covington filed this direct appeal. We lack jurisdiction.

In his motion to vacate void judgment, Covington claimed that: (1) his indictment failed to set forth the essential elements of the crime charged; (2) his plea was not voluntary, knowing, and intelligent; (3) the evidence did not support his conviction; and (4) the trial court was not authorized to require him to register as a sex offender. Covington raised the first claim in his motion to modify his sentence, and this Court affirmed the denial of that claim on appeal. *Covington v. State*, Case No. A24A1495 (Dec. 16, 2024). Covington may not relitigate that claim in this appeal. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); OCGA § 9-11-60 (h). The second and third claims constitute challenges to Covington's underlying conviction that may not be raised in a motion to vacate void judgment but must be raised in a habeas corpus proceeding. See *Powers v. State*, 332 Ga. App. 471, 472–73 (773 SE2d 428) (2015) (physical precedent only); *Johnson v. State*, 281 Ga. App. 401, 401 (636 SE2d 124) (2006).

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n. 2 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Covington's challenge to the requirement that he register as a sex offender does not constitute a colorable void-sentence claim, because such a requirement is "regulatory, and not punitive, in nature." *Bryant v. State*, 363 Ga. App. 349, 354 (3) (870 SE2d 33) (2022). Thus, Covington's claim that "the registration requirement is an illegal 'punishment' is unavailing since current law does not deem registration as a sexual offender to be punishment." Id. (punctuation omitted).

For the foregoing reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__10/27/2025_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*