## S13A0600. KEMP v. THE STATE.
(741 SE2d 652)

BLACKWELL, Justice.

In July 2010, Daniel Kemp, who was represented by a lawyer, pled guilty to murder and several other offenses. More than two years later, Kemp, now representing himself, filed a motion for out-of-time appeal, contending that venue was neither properly alleged in the indictment nor proven beyond a reasonable doubt, that the murder counts of the indictment failed to allege the necessary element of intent, and that he was improperly convicted and sentenced for offenses that should have merged into the murder conviction. The trial court denied Kemp's motion, explaining that Kemp had "failed to establish a 'good and sufficient' reason that would entitle [him] to an out-of-time appeal. [His] only remedy is to file a petition for writ of habeas corpus." Kemp timely filed a direct appeal[1] from this order to the Court of Appeals, which properly transferred the case to this Court. See *Neal v. State*, 290 Ga. 563, 569-572 (722 SE2d 765) (2012) (Hunstein, C. J., concurring).

The purpose of an out-of-time appeal in a criminal case is to address the constitutional concerns that arise when a "defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice." *Stephens v. State*, 291 Ga. 837, 837-838 (1) (733 SE2d 266) (2012) (citations omitted). So, a motion for an out-of-time appeal must be premised upon an allegation of a "deprivation of the right to direct appeal due to trial counsel's ineffective assistance." *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) (citation omitted). Kemp's "motion for out-of-time appeal did not allege that his failure to file a timely appeal of his conviction was due to any ineffective assistance of counsel, and the motion was therefore correctly denied." *McMullen v. State*, 292 Ga. 355, 356 (2) (737 SE2d 102) (2013).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 2013.

Daniel M. Kemp, *pro se.*

---

[1] "The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal." *Stephens v. State*, 291 Ga. 837 (1) (733 SE2d 266) (2012) (citation and punctuation omitted).

*T. Joseph Campbell, District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.