**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 6, 2013**

# In the Court of Appeals of Georgia

A13A0231. OWENS v. THE STATE.                      DO-009 C

DOYLE, Presiding Judge.

Terrance Owens, pro se, appeals the denial of his motion for an out-of-time appeal, following his guilty plea. We affirm, for the reasons that follow.

On April 27, 2011, Owens entered a guilty plea in the Superior Court of Fulton County to trafficking in methamphetamine, possession of marijuana with intent to distribute, possession of methamphetamine within 1,000 feet of a school, possession of marijuana within 1,000 feet of a school, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On November 3, 2011, Owens filed a motion in arrest of judgment, arguing that the indictment failed to allege venue. The trial court denied the motion on November 29, 2011. On January 25, 2012, Owens filed a notice of appeal, but this Court dismissed

the appeal as untimely.[1] Thereafter, on April 13, 2012, Owens filed a motion for leave to file an out-of-time appeal, which the trial court denied.

Owens appeals, contending that the trial court lacked jurisdiction to accept his guilty plea because the indictment failed to aver venue,[2] that the trial court failed to "merge[] the counts during the sentencing phase,"[3] and that his plea was not knowingly and voluntarily entered because the indictment was fatally defective.

As the Supreme Court of Georgia has recently explained,

[t]he purpose of an out-of-time appeal in a criminal case is to address the constitutional concerns that arise when a defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. So, a motion for an out-of-time appeal must be premised upon an

---

[1] See OCGA § 5-6-38 (requiring that a notice of appeal be filed within 30 days of entry of the order on appeal).

[2] We note that each count of the indictment in this case avers that the crime charged took place in Fulton County. "Accordingly, the Superior Court of [Fulton] County had jurisdiction to accept appellant's guilty plea." *Dennis v. State*, 292 Ga. 303 (736 SE2d 428) (2013).

[3] Owens fails to specify which counts he contends should have merged.

allegation of a deprivation of the right to direct appeal due to trial counsel's ineffective assistance.[4]

Because Owens's "motion for out-of-time appeal did not allege that his failure to file a timely appeal of his conviction was due to any ineffective assistance of counsel, . . . the motion was therefore correctly denied."[5]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[4] (Citation and punctuation omitted.) *Kemp v. State*, ___ Ga. ___ (Case No. S13A0600, decided Apr. 15, 2013).

[5] Id., quoting *McMullen v. State*, 292 Ga. 355, 356 (2) (737 SE2d 102) (2013).