**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 15, 2014**

# In the Court of Appeals of Georgia

A13A2389. FAIRCLOTH v. THE STATE.

MILLER, Judge.

Don Robert Faircloth, pro se, appeals the denial of his motion for an out-of-time appeal following his guilty plea.[1] Finding no error, we affirm.

As acknowledged in his brief, Faircloth pled guilty on May 21, 1999 to possession of cocaine, less than 28 grams, OCGA § 16-13-30 (a), and received a sentence of three years intensive probation. Faircloth completed his sentence and was discharged. On May 16, 2013, Faircloth filed his motion for out-of-time appeal, which the trial court denied.

---

[1] Because Faircloth timely filed his notice of appeal from the denial of his motion for out-of-time appeal, the State's motion to dismiss his appeal is denied.

Faircloth appeals, contending that his 1999 conviction was improperly used to enhance his sentence on a 2010 case, Case No. 10-CR-109, as well as asserting numerous constitutional violations during his 1999 arrest and pro se guilty plea.

As the Supreme Court of Georgia has recently explained,

> [t]he purpose of an out-of-time appeal in a criminal case is to address the constitutional concerns that arise when a defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. So, a motion for an out-of-time appeal must be premised upon an allegation of a deprivation of the right to direct appeal due to trial counsel's ineffective assistance.

(Citation and punctuation omitted.) *Kemp v. State*, 292 Ga. 795 (741 SE2d 652) (2013); see also *Owens v. State*, 321 Ga. App. 722, 723 (742 SE2d 752) (2013).

Since Faircloth's "motion for out-of-time appeal did not allege that his failure to file a timely appeal of his 1999 conviction was due to an ineffective assistance of counsel, . . . the motion was therefore correctly denied." *McMullen v. State*, 292 Ga. 355, 356 (2) (737 SE2d 102) (2013).

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*