# Court of Appeals
# of the State of Georgia

ATLANTA,  May 30, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1631.  TYSON EVANS v. THE STATE.**

Tyson Evans was convicted by a jury of aggravated battery, aggravated assault, possession of a firearm during the commission of a felony, discharge of a firearm on the property of another, and possession of a firearm by a convicted felon.  Evans filed a motion for new trial that was denied by the trial court on March 10, 2017.  Evans then filed his notice of appeal on April 11, 2017.  We, however, lack jurisdiction.

A notice of appeal must be filed within 30 days after entry of the order to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Evans concedes that his notice of appeal is untimely, as it was filed 31 days after the order denying his motion for new trial.  However, in his notice of appeal, Evans requests that "the Court grant his request for an out of time notice of appeal."  There has been no trial court ruling on Evans's motion for an out-of-time appeal.[1]  This Court is for the correction of errors, and we will not consider issues on which the trial court has not ruled. *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009).  Because Evans's notice of appeal was untimely and he has not been granted permission from the trial court to file an out-of-time appeal, his appeal is hereby DISMISSED.

---

[1] A trial court's denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal.  See *Kemp v. State*, 292 Ga. 795, 795 (741 SE2d 652) (2013).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/30/2017*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen*                 *, Clerk.*