301 Ga. 776
FINAL COPY

S17A1326. TERRY v. THE STATE.

BOGGS, Justice.

Appellant Michael Terry pled guilty to several charges in connection with the murder of his wife.[1] He files this pro se out-of-time appeal asserting that he received ineffective assistance of appellate counsel and that the trial court erred in refusing to allow him to withdraw his plea. For the following reasons, we affirm.

The record reveals that prior to the start of his trial, on October 15, 2013, Terry, represented by counsel, James Wyatt of the Rome Conflict Defender Office, informed the trial court that he wanted to enter a guilty plea. Following a hearing, the trial court accepted Terry's guilty plea and sentenced him to life in prison, with an additional 20 years to be served concurrently. This sentence

---

[1] According to the factual basis presented by the State during the plea hearing, Terry shot and killed his wife, Juanita Terry, before turning the gun on himself. The police responded to a 911 call from the Terrys' 13-year-old son and found Terry injured and his wife deceased. Terry pled guilty to two counts of felony murder, and one count each of aggravated assault, aggravated battery, and cruelty to children in the first degree.

was imposed during the September 2013 term of court for the Floyd County Superior Court. See OCGA § 15-6-3 (33) (the terms of court for the Floyd County Superior Court commence on the second Monday in January, March, July, and September, and the first Monday in May and November). The next term of court began on November 4, 2013. Terry asserts that he asked plea counsel to withdraw his guilty plea on the same day he entered the plea, but plea counsel filed the motion seven days late, on November 11, 2013.

The trial court appointed new counsel, John Howe, who entered a notice of appearance on January 9, 2014.[2] On June 17, 2014, Howe filed an amended motion to withdraw Terry's guilty plea, adding ineffective assistance of counsel as a ground. But during the hearing on the matter, Howe appears to have orally withdrawn that motion, acknowledging that the court had no jurisdiction to rule. After the hearing, the trial court denied Terry's motion to withdraw his plea because it was untimely filed and the court therefore had no jurisdiction to consider it.

On March 2, 2016, although he was still represented by counsel, Terry

---

[2] It is unclear from the record why the court appointed counsel or if Terry requested the appointment.

2

filed a pro se "MOTION TO AN OUT OF TIME APPEAL." The trial court denied the motion on March 21. Again while represented by counsel, on August 8, 2016, Terry filed another pro se motion for an out-of-time appeal, and a pro se motion to represent himself for that appeal. Following an October 2016 hearing during which Terry was still represented by Howe, the trial court denied Terry's renewed request to withdraw his plea, again on the ground that his motion was filed outside of the term of court in which it was entered. The court did, however, grant Terry's motion to represent himself on appeal, and granted him an out-of-time appeal from the order denying his motion to withdraw his guilty plea, giving him 30 days to file.[3]

1. Terry contends that he had a right to appointed counsel "on direct appeal" and that he was denied counsel for his "first appeal," and did not waive that right. It is unclear from Terry's brief what he means by his "first appeal." In any event, the record reveals no notice of direct appeal or attempt to file a

_____

[3] The merits of the trial court's order granting Terry's motion for an out-of-time appeal are not before us. See Tyner v. State, 289 Ga. 592, 594 (3), n. 1 (714 SE2d 577) (2011), overruled on other grounds, Lejeune v. McLaughlin, 296 Ga. 291 (766 SE2d 803) (2014).

direct appeal for which Terry would have been entitled to counsel.[4] "An indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence." (Citation and punctuation omitted.) Pierce v. State, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011). As we noted in Pierce, only a *timely* motion to withdraw his plea would have triggered Terry's right to appointed counsel. Id.; see also Brooks v. State, 301 Ga. 748, 752 (3) (___ SE2d ___) (2017). His motion to withdraw the plea was filed outside of the term of court in which the plea was entered and was thus untimely. See Henry v. State, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998). This claim of error is without merit.

2. In two enumerations, Terry argues that he received ineffective assistance of appellate counsel. Specifically, he contends that in withdrawing the motion to withdraw Terry's guilty plea on the grounds that the motion was filed

___

[4] The record does contain a pro se notice of appeal filed on April 5, 2016, from the trial court's March 21 denial of Terry's motion for an out-of-time appeal. On June 21, 2016, Terry filed a "MOTION TO COMPEL COURTS ACTION & ISSUE A 'CERTIFICATE OF IMMED. REVIEW'." The trial court, on August 3, 2016, denied the motion to compel, reminded Terry that he was represented by Howe and that he should correspond with Howe regarding his case, and noted that the court had contacted Howe to inform him of Terry's pro se motion. See Tolbert v. Toole, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (pro se notice of appeal, filed when the record indicate defendant was represented by counsel, had no legal effect and thus did not divest the trial court of jurisdiction).

4

outside of the term of court and therefore the court was without jurisdiction to entertain it, Howe was ineffective. Without further explanation, Terry argues that the trial court had jurisdiction to allow withdrawal of the plea because it "was timely filed even though it was filed 28 days later but well within the statutory range."[5]

Pretermitting whether Terry has raised a valid claim of ineffective assistance of counsel, he was not entitled to appointed counsel to assist with the untimely motion to withdraw his plea. See Gibson v. Turpin, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999) ("Under the United States Constitution, the state is required to provide counsel to indigent defendants for their trial, and for their first appeal as a matter of right, but no further." (Citations omitted.)). As the trial court explained to Terry at the hearing on the motion, his only available means to withdraw his plea is through habeas corpus proceedings.

Judgment affirmed. All the Justices concur.

---

[5] Terry does not elaborate further on what he means by "statutory range," nor does he cite to any statute, and we are aware of none. However, the record reflects that the motion to withdraw the plea was filed seven days after the next term of court began.

5

Decided August 14, 2017.

Murder. Floyd Superior Court. Before Judge Durham.

Michael W. Terry, pro se.

Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.