302 Ga. 221
FINAL COPY

S17A1229.  SHUMAN v. THE STATE.

NAHMIAS, Justice.

Ernest Shuman appeals pro se from the trial court's order denying his motion for an out-of-time appeal from his June 1990 guilty pleas related to the murder of seven-year-old Ronald Wyche, Jr., whom Appellant choked to death, put in a bag, and threw into a river in Thomas County.  We affirm.

1.     Appellant was arrested pursuant to a warrant issued on May 3, 1990. Later that month, Appellant's attorney succeeded in quashing a subpoena for some of his psychiatric records, which contained incriminating statements.  On June 21, 1990, the grand jury indicted Appellant for malice murder and concealing the death of another, and later that same day, the trial court held a hearing at which Appellant, after an extensive colloquy, pled guilty to both charges.  After confirming that the State was waiving the death penalty, the

court sentenced Appellant to serve life in prison for murder and a concurrent term of 12 months for concealing a death.

More than 25 years later, on May 25, 2016, Appellant filed a pro se motion for an out-of-time appeal, alleging that: (1) his guilty pleas were not entered intelligently, knowingly, and voluntarily, because the transcript of the plea hearing shows that he was not advised of his right against self-incrimination and his right to counsel at trial, and because the State failed to establish a sufficient factual basis for his guilty plea to malice murder; and (2) his attorney provided ineffective assistance in connection with the entry of his guilty pleas, because she failed to make even a minimal inquiry into the issuance of his arrest warrant, which would have shown that the warrant was issued without probable cause and led to suppression of incriminating statements that he made. On November 14, 2016, the trial court denied Appellant's motion without holding an evidentiary hearing. Appellant then filed a timely notice of appeal.

2.    As this Court has repeatedly reiterated,

> [o]ut-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally

2

entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice.

Stephens v. State, 291 Ga. 837, 837-838 (733 SE2d 266) (2012). Appellant's motion mentioned this legal prerequisite to an out-of-time appeal, but he did not allege that ineffective assistance by his plea counsel was the reason that he had not filed a timely appeal. Appellant's allegation of ineffective assistance of counsel with respect to the investigation of his case and the entry of his guilty pleas is not an allegation that ineffective assistance of counsel was the cause of his failure to file a timely direct appeal from the judgment entered on his guilty pleas. See Grace v. State, 295 Ga. 657, 658 (763 SE2d 461) (2014). Accordingly, the trial court properly denied Appellant's motion. See id.; Kemp v. State, 292 Ga. 795, 795 (741 SE2d 652) (2013); McMullen v. State, 292 Ga. 355, 356 (737 SE2d 102) (2013).

Judgment affirmed. All the Justices concur.

Decided October 2, 2017.

Murder. Thomas Superior Court. Before Judge McDaniel.

Ernest B. Shuman, pro se.

Bradfield M. Shealy, District Attorney, Robert R. Auman, Michelle T. Harrison, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.