**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 2, 2019**

# In the Court of Appeals of Georgia

A19A0030. ROBBINS v. THE STATE.

McFADDEN, Presiding Judge.

This appeal challenges the denial of a defendant's motion for an out-of-time appeal. Because the trial judge did not abuse his discretion in denying the motion, we affirm.

1. *Facts and procedural posture.*

On August 12, 2010, Marquise Robbins, with the assistance of appointed counsel, pled guilty to attempted murder, participation in criminal street gang activity, and three counts of voluntary manslaughter. The trial court imposed a total sentence of 50 years, with 25 years to be served in confinement and the remainder to be served on probation. On November 12, 2010, Robbins filed a motion to modify his sentence, asking the court to consider a shorter term of confinement on the ground that he was

endangered while in custody. After a hearing on October 10, 2011, the trial court denied the motion.

Over five years later, on March 15, 2017, Robbins filed a pro se motion for an out-of-time appeal, claiming that his plea counsel had failed to inform him of his right to appeal from the denial of his motion to modify his sentence. The trial court denied the motion without a hearing. Robbins appeals from that order.

2. *Denial of out-of-time appeal.*

In his sole enumeration of error, Robbins contends that the trial court erred in denying his motion for an out-of-time appeal without holding an evidentiary hearing. We disagree.

> [O]ut-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice.

*Shuman v. State*, 302 Ga. 221, 221-222 (2) (805 SE2d 824) (2012) (citation omitted). See also *Rhodes v. State*, 296 Ga. 418, 420 (2) (768 SE2d 445) (2015) (out-of-time appeal is available when a direct appeal was not taken due to ineffective assistance of counsel). In this case, Robbins has not shown that he was denied his first appeal of right due to the ineffectiveness of counsel to which he was entitled.

2

"An indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence." *Terry v. State*, 301 Ga. 776, 778 (1) (804 SE2d 71) (2017) (citation and punctuation omitted). Accord *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999) (indigent defendant is entitled to appointed counsel only for trial and the first appeal as a matter of right). After a guilty plea, "a timely motion to withdraw [the] guilty plea would . . . trigger[ an indigent defendant's] right to appointed counsel." *Terry*, supra (citations and emphasis omitted). An indigent defendant who timely seeks to withdraw a guilty plea "has both the right to appeal the denial of his motion to withdraw [his] guilty plea and the right to the effective assistance of counsel as guaranteed by the Sixth Amendment for that appeal." *Ringold v. State*, 304 Ga. 875, 878 (823 SE2d 14) (2019) (citations and punctuation omitted). Moreover, it appears from *Ringold*, as fully explained in Presiding Justice Nahmias' concurring opinion, that a defendant who pleads guilty has a right to file a direct appeal from the judgment of conviction entered thereon and need not file a motion to withdraw the plea as a prerequisite to an appeal. *Ringold*, supra at 883-886 (3) (concurrence) (discussing, among other things, the unsoundness of prior case law holding that a criminal defendant has no

3

unqualified right to file a direct appeal from a judgment of conviction entered on a guilty plea).[1]

In the instant case, however, Robbins did not file a direct appeal from his guilty plea conviction and he "did not file a motion to withdraw his guilty plea which . . . would have triggered the right to appointed counsel [to assist with an appeal from the denial thereof]." *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011) (citation and punctuation omitted). Accord *Terry*, supra; *Brooks v. State*, 301 Ga. 748, 752 (3) (804 SE2d 1) (2017). Compare *Ringold*, supra at 2 (defendant timely moved to withdraw his guilty plea). Rather, Robbins filed a motion to modify his sentence which gave no indication that he wanted to withdraw his plea. On the contrary, he expressly stated in his motion that he intended to honor the terms of his guilty plea. Under such circumstances, Robbins was not entitled to appointed counsel to pursue an appeal from the denial of his motion to modify his sentence. See *Pierce*, supra (an indigent defendant who has filed a motion to vacate a sentence, rather than a motion

---

[1] We recognize that Presiding Justice Nahmias' concurring opinion indicated that Georgia case law on out-of-time appeals had ventured off-track and that *Ringold* "sounds a clear death knell" for certain sets of prior Supreme Court holdings, although it was unnecessary to overrule any of those holdings to decide that particular case. *Ringold*, supra at 882 (concurrence). We note that the instant case, which involves an out-of-time appeal from the denial of a motion to modify a sentence, does not fall into any of those sets of prior holdings.

4

to withdraw a guilty plea, is not entitled to counsel to pursue an appeal from the denial thereof). See also *Rooney v. State*, 287 Ga. 1, 7 (4) (690 SE2d 804) (2010) (same); *Jordan v. State*, 242 Ga. App. 408 (4) (530 SE2d 42) (2001) (no right to counsel to pursue a motion to correct a sentence), disapproved in part on other grounds in *Shields v. State*, 276 Ga. 669, 671 (3) (581 SE2d 536) (2003).

Because Robbins was not entitled to appointed counsel to pursue an appeal from the denial of that motion, it necessarily follows that there could be no denial of the Sixth Amendment right to effective assistance of counsel for such an appeal. See *Gibson*, supra at 861 (1), citing *Wainwright v. Torna*, 455 U. S. 586, 587-588 (102 SCt 1300, 71 LE2d 475) (1982), for the proposition that "a defendant can only be deprived of his Sixth Amendment right to effective assistance of counsel where there is a constitutional right to counsel[.]" See also *Evitts v. Lucey*, 469 U. S. 387, 396 (II) (C) n. 7 (105 SCt 830, 83 LE2d 821) (1984) ("Of course, the right to effective assistance of counsel is dependent on the right to counsel itself.") (citation omitted). Thus, it is clear from the record that Robbins' motion for an out-of-time appeal, based on an allegation of ineffective assistance of counsel, was without merit.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent

abuse of such discretion. Based on the above analysis, we hold that the trial court did not abuse its discretion in denying [Robbins'] motion for an out-of-time appeal." *Smith v. State*, 263 Ga. App. 414, 417 (1) (587 SE2d 787) (2003) (citation and punctuation omitted). And contrary to Robbins' enumerated error, since the record shows that no right of appeal was frustrated by ineffective assistance of counsel, the trial court did not err in denying the motion without a hearing. See *Baker v. State*, 273 Ga. 842, 843 (2) (545 SE2d 879) (2001) (no hearing necessary on motion for an out-of-time appeal where court can determine from the record who was responsible for failure to file timely direct appeal). Accordingly, we affirm the trial court's denial of the motion for an out-of-time appeal.

*Judgment affirmed. Goss, J., concurs. McMillian, J., concurs in judgment only.\**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY, COURT OF APPEALS RULE 33.2(a).**