**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 29, 2019**

# In the Court of Appeals of Georgia

A19A1149. SOSA v. THE STATE.

MARKLE, Judge.

Following his negotiated guilty plea to trafficking in methamphetamine, Cristobal Sosa appeals from the trial court's denial of his motions (1) to withdraw his guilty plea, (2) for an out-of-time appeal, and (3) seeking appointment of counsel. On appeal, he asserts that the trial court erred in denying his motions because (1) his plea was not knowing and voluntary; (2) he was not advised of his right to appeal or the immigration consequences of his plea; and (3) he received ineffective assistance of counsel at the plea stage. For the reasons that follow, we vacate the trial court's orders and remand the case for further proceedings.

We review a trial court's denial of motions to withdraw a plea, to file an out-of-time appeal, and for appointment of counsel for abuse of discretion. *Cooper v. State*,

348 Ga. App. 649, 650 (824 SE2d 571) (2019), overruled on other grounds by *Collier v. State*, __ Ga. __ (__ SE2d __) (Case No. S19A0658, decided Oct. 21, 2019) (out-of-time appeal); *Schlau v. State*, 261 Ga. App. 303, 304 (1) (582 SE2d 243) (2003) (withdraw plea); *Barnes v. State*, 293 Ga. 365, 366 (744 SE2d 795) (2013) (appoint counsel).

The record shows that Sosa was charged with trafficking methamphetamine and possession with intent to distribute methamphetamine. He subsequently agreed to plead guilty to the trafficking count as part of a negotiated plea in which he would receive first offender status and the State would nolle prosse the possession count. Sosa signed a waiver form in which he confirmed that he understood the charges against him as well as the rights he was giving up by pleading guilty; that he faced possible immigration consequences due to his plea; and that he had spoken with counsel about the charges and was satisfied with counsel's advice and representation. Counsel signed the form as well, attesting that he had spoken with Sosa regarding the plea and the rights that Sosa would be waiving by pleading guilty.

At the plea hearing in February 2018, the trial court first determined that Sosa's real surname was Lara, but that Sosa waived the misnomer in the indictment. The trial court then confirmed that Sosa understood the charges against him, had spoken with

2

his attorney about the charges and the rights he would waive by pleading guilty, and that he was satisfied with counsel's representation. The trial court further inquired whether Sosa understood the potential range of punishment and the consequences he faced by pleading guilty. Sosa confirmed that he understood. The trial court reminded Sosa that he had the right to plead not guilty. When Sosa indicated that he was a resident but not a citizen of the United States, the trial court ensured that he understood his plea could have an adverse impact on his right to remain in the United States. The State then presented the factual basis for the charges. After confirming that no one had coerced Sosa to enter his plea, the trial court accepted it.

In November 2018, Sosa moved to withdraw his plea and for an out-of-time appeal. In these two motions, he alleged that (1) his guilty plea was not knowing and voluntary, and (2) he received ineffective assistance of counsel due to (a) counsel's failure to advise him of his rights and the consequences of his plea, including any potential immigration consequences, or his right to appeal; and (b) counsel's waiver of any challenge to the misnomer in the indictment. He also requested appointment of counsel. The trial court denied both motions and declined to appoint counsel. This appeal followed.

1. Sosa argues that the trial court erred in denying his motion for an out-of-time appeal because he received ineffective assistance of counsel, and the trial court should have conducted a hearing to address counsel's performance. Specifically, he asserts that (1) counsel failed to inform him of (a) his right to appeal, (b) the nature and consequences of his plea, (c) the facts the State had to prove to convict him of trafficking, (d) the rights he would waive by pleading guilty, and (e) the immigration consequences of his plea; and (2) counsel improperly waived any challenge to the misnomer in the indictment. In light of the recent decision in *Collier v. State*, __ Ga. __ (1) (__ SE2d __) (Case No. S19A0658, decided Oct. 21, 2019), we remand this claim to the trial court for further proceedings.

In *Collier*, __ Ga. __ (1) (Case No. S19A0658, slip op. at 8 (1)), 2019 WL 5301808 (decided Oct. 21, 2019), our Supreme Court overruled a long line of cases that held that (1) a criminal defendant had a limited right to a direct appeal from a guilty plea, and (2) a defendant seeking an out-of-time appeal had to show on the existing record that the appeal would have had merit. *Collier*, slip op. at 8-9 (1). Recognizing that both holdings were inconsistent with federal constitutional law and U. S. Supreme Court precedent, our Supreme Court clarified in *Collier* that a defendant seeking an out-of-time appeal, from either a conviction at trial or following

4

a guilty plea, has to allege and show that counsel's ineffectiveness deprived him or her of the right to an appeal. Id. at 4-7 (1). Moreover, when such a claim is raised in a motion for an out-of-time appeal, the trial court is required to conduct a factual inquiry into the defendant's allegation that counsel's performance deprived him or her of the right to appeal. Id. at 6 (1), n.1, 29 (3).

As the Court explained:

[b]ecause the trial court denied [the defendant's] motion for an out-of-time appeal without holding an evidentiary hearing, we cannot determine from the appellate record whether [the defendant's] failure to timely pursue an appeal was actually the result of his counsel's deficient performance. Moreover, we recognize that, given the clear, though incorrect, mandate of the case law overruled by this opinion, [the defendant] has not had a full and fair opportunity to pursue his motion for an out-of-time appeal before the trial court, the State has not had a full and fair opportunity to raise defenses, and the trial court has not had the benefit of this opinion to guide its consideration of the parties' evidence and argument.

*Collier*, __ Ga. at __ (3).

In this case, Sosa filed a motion for an out-of-time appeal, arguing that his counsel failed to inform him of the right to appeal. The trial court rejected the claim without any inquiry. Accordingly, the appropriate remedy here is to vacate the trial

5

court's order and remand the case for further proceedings consistent with *Collier*.

2. Sosa also challenges the denial of his motions to withdraw his guilty plea and for appointment of counsel. In light of our conclusion in Division 1, we also vacate these orders and remand them for further consideration.[1]

*Judgment vacated and case remanded. Doyle, P. J., and Coomer, J., concur.*

---

[1] We note that Sosa's motion to withdraw his guilty plea was untimely because it was not filed in the same term of court in which the plea was entered. See *Terry v. State*, 301 Ga. 776, 778 (1) (804 SE2d 71) (2017). But, if Sosa is successful on remand in obtaining an out-of-time appeal, he may be able to challenge the voluntariness of his plea in that proceeding. See *Collier*, __ Ga. __ (Peterson, J., concurring). Moreover, the right to appeal carries with it the right to appointed counsel. See *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008). Thus, any ruling on these issues in this appeal would be premature, and we decline to address them in the first instance.