**SECOND DIVISION
MILLER, P. J.,
RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 25, 2019**

# In the Court of Appeals of Georgia

A19A2329. WARNER v. THE STATE.

MILLER, Presiding Judge.

Proceeding pro se, Brandon Warner appeals from the trial court's denial of his motion for out-of-time appeal. Warner argues that the trial court erred in denying his motion on the singular basis that he entered a guilty plea to the underlying offenses.[1] The trial court erred in its decision, and we vacate the trial court's order and remand this case for further consideration on whether Warner was entitled to an out-of-time appeal.

A Fulton County grand jury indicted Warner for one count of armed robbery (OCGA § 16-8-41), one count of aggravated assault with a deadly weapon (OCGA § 16-5-21), one count of possession of a firearm during the commission of a felony

---

[1] The State has not filed an appellee brief in this case.

(OCGA § 16-11-106), and one count of possession of a firearm by a first offender probationer (OCGA § 16-11-131). In March 2013, while represented by counsel, Warner pleaded guilty to all four counts of the indictment. Warner received a seventeen-year sentence, with the first 12 years to be served in confinement and the remainder of the sentence to be served on probation. In March 2019, Warner filed a "motion to allow filing of out-of-time appeal." In his motion and supporting brief, Warner argued, inter alia, that his trial attorney did not fully inform him of his options for post-conviction relief, including withdrawing his guilty plea or filing an appeal, and that trial counsel did not file a notice of appeal or inform him of his right to a free transcript. Warner therefore claimed that the failure to file a timely notice of appeal was due to no fault of his own, and that his trial counsel had rendered ineffective assistance. Warner also requested that the trial court hold a hearing on the motion.

The trial court denied Warner's motion in May 2019. Citing the Supreme Court of Georgia's decision in *Shuman v. State*, 302 Ga. 221, 221-222 (2) (805 SE2d 824) (2017), the trial court explained that out-of-time appeals

> are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was

2

professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice.

The trial court then ruled that this legal prerequisite for granting an out-of-time appeal did not apply here because Warner had entered a guilty plea. Warner then appealed from the trial court's decision.

In his sole enumeration of error, Warner argues that the trial court erred in denying his motion to allow the filing of an out-of-time appeal on the singular basis that he had entered a guilty plea. Warner is correct.

Defendants who plead guilty to criminal charges in Georgia courts have the right to timely pursue post-conviction remedies, including a motion to withdraw the guilty plea and an appeal. With respect to at least those two potential remedies, defendants have a Sixth Amendment right to the effective assistance of counsel to advise them about the potential remedy and to pursue the remedy if appropriate.

*Dos Santos v. State*, __ Ga. __ (5) (__ SE2d__), 2019 WL 5301702 at \*4 (Case No. S19A1352, decided October 21, 2019). Thus, "[i]f a defendant's right to appeal from a guilty plea (directly or after filing a motion to withdraw the plea) is frustrated by the constitutionally ineffective assistance of plea counsel in advising the defendant about or pursuing those post-conviction remedies, the defendant may seek an out-of-time

3

appeal in the trial court. . . ." Id. at \*6. And "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant is entitled to an appeal because he effectively has been deprived of an appellate proceeding altogether." (Citations omitted.) *Collier v. State*, __ Ga. __ (1) (__ SE2d__), 2019 WL 5301808, at \*3 (Case No. S19A0658, decided Oct. 21, 2019).[2]

Here, Warner requested the trial court to grant his motion for out-of-time appeal partly because his attorney was ineffective in failing to inform him of his post-conviction options for relief, including filing an appeal from his guilty plea. Therefore, the trial court erred in denying Warner's motion solely on the basis that he had pleaded guilty.

Additionally, it appears that the trial court denied Warner's motion without an evidentiary hearing. The trial court's order does not reflect that a hearing was held on

---

[2] Further, as our Supreme Court recently ruled, the defendant need not "show that he would have actually prevailed in a timely appeal" or "specify the points he would raise were his right to appeal reinstated." (Citations omitted.) *Collier*, supra, at \*2. We also note that our Supreme Court overruled a line of cases which held that a criminal defendant's right to appeal directly from a judgment entered on a guilty plea is limited to those cases in which the issue on appeal can be resolved by facts appearing in the record. Id. at \*3.

Warner's motion, there is no transcript of a hearing, and the record does not evince that a hearing was ever scheduled. Because the trial court "denied [Warner's] motion for an out-of-time appeal without holding an evidentiary hearing, we cannot determine from the appellate record whether [Warner's] failure to timely pursue an appeal was actually the result of his counsel's deficient performance." *Collier*, supra, at *8. Thus, we vacate the trial court's order denying Warner's motion for out-of-time appeal, remand this case for an evidentiary hearing on Warner's motion, and direct the trial court to reconsider Warner's motion in a manner consistent with the Supreme Court of Georgia's decision in *Collier*, supra.

*Judgment vacated and case remanded with direction. Rickman and Reese, JJ., concur*.